**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHARLES SHIRLEY,

        Plaintiff,

v.                                     Case No. 6:13-cv-1518-Orl-37DAB

ST. JOHNS RIVER WATER
MANAGEMENT DISTRICT,

        Defendant.

**ORDER**

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint and Motion to Strike Portion of Plaintiff's Complaint, with Incorporated Memorandum of Law (Doc. 18), filed March 26, 2014. Upon consideration, the Court finds that the motion is due to be granted.

Defendant moves to dismiss this Age Discrimination in Employment Act ("ADEA") action for failure to state a claim, arguing that Plaintiff's Complaint (Doc. 1) conflates causes of action, relies on legal conclusions, and ultimately fails allege an ADEA violation. (*See* Doc. 18, pp. 4–6.) Counsel for Plaintiff, consistent with his demonstrably lackadaisical approach to this litigation, failed to respond to Defendant's motion in the time allotted by Local Rule 3.01(b). On April 23, 2013, the Court *sua sponte* directed Plaintiff's counsel to file a response on or before April 28, 2014, and it warned that failure to do so would result in the Court deeming the motion unopposed. (Doc. 19.) In spite of the Court's direction, counsel for Plaintiff failed to file a timely response. Accordingly, the Court deems the motion unopposed and finds that it is due to be granted and that this

case is due to be dismissed.[1]

The Court adds that Plaintiff's counsel's pattern of recalcitrance in this action is entirely unacceptable. This case has already been dismissed once without prejudice for lack of prosecution after counsel for Plaintiff repeatedly failed to file proof of service on or before the Court's deadlines, a failure that directly violated prior Court orders. (*See* Docs. 8–10, 12.) When the Court reopened this case—which it did so in an effort to avoid prejudicing Plaintiff for his counsel's shortcomings—it cautioned that "[t]his case is not off to a good start" and that strict compliance with the Court's rules and deadlines is mandatory. (Doc. 14.) Nevertheless, Plaintiff's counsel continues to miss deadlines (*see* Doc. 20), inadequately respond to Court orders (*see* Docs. 10, 21), and ignore the Local Rules (*see* Doc. 23).

Because the U.S. Court of Appeals for the Eleventh Circuit has "held that a court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable [for his counsel's failures]," the Court once again chooses to dismiss this action without prejudice. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1375 (11th Cir. 1999). However, if Plaintiff chooses to refile and his counsel continues to inadequately prosecute or otherwise delay the progress of this action, the Court will dismiss this case with prejudice and consider sanctions. *See id.* (observing that dismissal with prejudice may be appropriate "where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant").

---

[1] Although the Court will not address the inadequacies of Plaintiff's Complaint at length in the absence of a response, the Court admonishes Plaintiff to carefully consider the arguments in Defendant's motion to dismiss (Doc. 18) and to revisit the requirements for stating an ADEA claim. *See, e.g.*, *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (discussing the elements of an ADEA disparate treatment claim).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Plaintiff's Complaint and Motion to Strike Portion of Plaintiff's Complaint, with Incorporated Memorandum of Law (Doc. 18) is **GRANTED**.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 29, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record